## No. 11,171.

### HONNEGER, ET AL. *v.* ALLEY.

Decided April 6, 1925.   Rehearing denied May 4, 1925.

Proceeding concerning the satisfaction of a judgment. Finding for defendant.

### *Affirmed.*

### *On Application for Supersedeas.*

1. COMPROMISE AND SETTLEMENT—*Satisfaction of Judgment.* Where after judgment a compromise agreement was entered into between the parties, defendant agreeing to forego a review by the Supreme Court in consideration of a reduction of the money judgment against him, it is held under the facts disclosed that the agreement was carried out and the judgment thereby satisfied.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. L. J. STARK, for plaintiffs in error.

Mr. FOSTER CLINE, Mr. G. A. TROUT, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

IN an action by Fred and Annie Honneger against Alley, plaintiffs obtained an alternative judgment and decree against the defendant, among other things, for the sum of $300; and that defendant should forthwith surrender to the plaintiffs, free and clear of all liens and encumbrances, a certain automobile, and upon the failure of the defendant

to deliver the car, that judgment be entered against the defendant in the sum of $750.

This original judgment is not questioned here. The inquiry is as to whether such judgment was satisfied.

Defendant Alley excepted to the original judgment and obtained the usual orders for a bill of exceptions, but after the judgment was entered, and in order to save expense to all, the parties entered into a compromise and mutually agreed that the defendant Alley would not sue out a writ of error in the Supreme Court, and that plaintiffs would accept a smaller sum from defendant than the judgment provided, and that defendant would also return the automobile to plaintiffs, free and clear of liens and encumbrances. Defendant thereupon did not perfect or sue out a writ of error.

After this, controversies arose; plaintiffs, by their attorney, declined to carry out the compromise agreement; supplemental pleadings in this same cause were filed, going to the question of whether or not there was a compromise subsequent to the original judgment; what were its terms; did the defendant perform his part or was he ready to perform; was he prevented from performance by plaintiffs, and was the original judgment satisfied.

On trial of these issues raised subsequent to the original judgment, the court determined the case for the defendant Alley, finding that a compromise agreement was made for a valuable consideration and carried out; the car delivered free of liens and encumbrances; that the money to be paid by defendant Alley to the Honnegers under the compromise agreement was paid and the original judgment satisfied. Plaintiffs bring error.

Plaintiffs in error contend that the automobile was not delivered "forthwith" as provided in the original judgment. This was the subject of much testimony on each side in its bearing on the subsequent compromise agreement of the parties. The evidence showed that the car was at the plaintiffs' disposal and the trial court found that there was a sufficient compliance, to which we agree.

The car was delivered free and clear of all liens and encumbrances at the garage specified by plaintiffs' counsel at the final hearing and a receipt taken for it.

Counsel for plaintiffs in error raises the question of his authority to make the settlement which was accomplished through him. We do not understand him to say that he did not have such authority, but only that he believes that the pleadings are insufficient to show it. In any event, we think that the authority sufficiently appears. Furthermore, defendant, through his attorney, relied and acted upon the apparent authority which counsel for plaintiffs exercised and assumed to possess; defendant kept his agreement not to carry the case to the Supreme Court; the plaintiffs have received the automobile, and the money stipulated in the voluntary compromise has been paid or is subject to their order. The trial court held that the attorneys had acted ethically and in the utmost good faith. We are glad of the opportunity to agree with this.

Under the above facts, we think that it would be wholly improper to disturb the judgment.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.